**Entered on Docket
January 10, 2017**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: January 10, 2017

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 15-30912 DM |
| DOORMAN PROPERTY MAINTENANCE, | Chapter 7 |
| Debtor. | |
| ANDREA A. WIRUM, Trustee, | Adv. Proc. No. 16-03072 |
| Plaintiff, | |
| v. | |
| NICHOLAS KRAEMER, BARRETT RAFTERY and DOORMAN PROPERTY MANAGEMENT, INC., | |
| Defendants. | |

**MEMORANDUM DECISION ON DEFENDANTS' MOTION TO DISMISS AND TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

On December 16, 2016, this court heard the motion of Doorman Property Management *dba* Doorman *dba* Doorman Property Maintenance ("Debtor"), Nicholas Kraemer, and Barrett Raftery (collectively, "Defendants") to dismiss the adversary complaint filed against them by Andrea A. Wirum ("Trustee"), chapter 7 trustee for Debtor's chapter 7 estate. It also heard the Trustee's counter-motion for partial summary judgment on her ninth, tenth and

1

eleventh claims for relief. For the reasons set forth below, the court is granting both motions in part and denying them in part.

I. STANDARDS GOVERNING RULE 12(b) MOTIONS

Defendants seek dismissal of all but one claim against them pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12"), incorporated by Federal Rule of Bankruptcy Procedure 7012(b)) ("Bankruptcy Rule 7012"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[D]ismissal for failure to state a claim is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted).

II. ANALYSIS OF SPECIFIC CAUSES OF ACTION

Trustee asserted eleven causes of action against Defendants, who moved for dismissal of all except the first (breach of fiduciary duty). Applying the foregoing standards governing Rule 12(b)(6) motions, the court will address the second through eleventh causes of action in turn:

**A. Second Claim for Relief: Breach of Fiduciary Duty by Abuse of Process**

Incorporating the allegations of the first claim for relief, Trustee asserted a separate claim for breach of fiduciary duty by

Case: 16-03072    Doc# 40    Filed: 01/10/17    Entered: 01/10/17 08:33:39    Page 2 of 9

abuse of process in her second claim. Defendants concede that the facts alleged (albeit disputed) in the first claim could give rise to a claim for breach of fiduciary duty, but seek dismissal of the second claim for "breach of fiduciary duty by abuse of control" as duplicative and unrecognized as a separate tort under California law. The court agrees. As noted in *In re Zoran Corp. Derivative Litigation*, 511 F.Supp.2d 986, 1019 (N.D. Cal. 2007), claims for abuse of control or gross mismanagement "are often considered a repackaging of claims for breach of fiduciary duties instead of being a separate tort." Abuse of control may be an element of proof for a claim for breach of fiduciary duty, but does not give rise to an additional independent tort. The court will therefore dismiss the second claim for relief without leave to amend.

**B. Third Claim for Relief: Gross Negligence**

Defendants contend that California does not recognize a separate and distinct claim for gross negligence that is independent of any statutory basis, citing *Eriksson v. Nunnink,* 191 Cal.App.4th 826, 856 n. 18 (2011) ("In reality, California does not recognize a distinct cause of action for 'gross negligence' independent of a statutory basis."). In making this statement, the *Nunnick* court quoted and relied on the holding of *Saenz v. Whitewater Voyages, Inc.*, 226 Cal.App.3d 758, 766 n. (1990). The California Supreme Court, however, described this language as "offhand dicta" in *City of Santa Barbara v. Superior Court*, 41 Cal.4th 747, 780 (2007). It observed that a distinction between gross negligence and ordinary negligence is generally unnecessary but that such a distinction is appropriate

3

if gross negligence is "the only negligence-based theory open to plaintiffs and real parties in interest." Therefore, in cases involving anticipatory releases and exculpation clauses that release liability except in cases of gross negligence or willful misconduct, the law continues to recognize gross negligence as a theory of recovery. *Id.* at 781.

Trustee argues that her third claim is necessary, as gross negligence provides an exception to the business judgment defense. "A hallmark of the business judgment rule is that a court will not substitute its judgment for that of [a corporation's directors] if the latter's decision can be "attributed to any rational business purpose." *Katz v. Chevron Corp.*, 22 Cal.App.4th 1352, 1366 (1994). Instead "[u]nder the business judgment rule[,] director liability is predicated upon concepts of gross negligence." *Id.*

The court acknowledges that gross negligence precludes the successful assertion of the business judgment defense to Trustee's breach of fiduciary duty cause of action. When and if Defendants assert that defense, Trustee can argue that they cannot prevail as their actions were willful or grossly negligent. A separate cause of action for gross negligence is not necessary. That said, Trustee is entitled to take discovery in anticipation of the assertion of the business judgment defense by Defendants. The motion to dismiss the third claim for relief is granted with leave to amend.

**C. Fourth Claim for Relief: Conversion**

Trustee alleges in her fourth claim for relief that Defendants wrongfully exercised dominion over and converted for

4

their own benefit money and property of the Debtor. In their motion to dismiss, Defendants contend that they had a possessory interest in the money and thus there can be no conversion. The Trustee disputes the legitimacy of this possessory interest, thus giving rise to factual issues that preclude dismissal as a matter of law.

Trustee has sufficiently pled a claim for conversion of money, identifying in para 11(f) and (g) specific sums purportedly intercepted and retained by the defendants. As noted by one California appellate courts:

> A cause of action for conversion requires allegations of plaintiff's ownership or right to possession of property; defendant's wrongful act toward or disposition of the property, interfering with plaintiff's possession; and damage to plaintiff. Money cannot be the subject of a cause of action for conversion **unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment.**

*McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1491 (2006); *see also Fischer v. Machado,* 50 Cal.App.4th 1069, 1072-1074 (1996) (sales agent liable for conversion of proceeds from consignment sale of farm products); *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.,* 49 Cal.App.4th 472, 485 (1996) ("money cannot be the subject of a conversion action unless a specific sum capable of identification is involved").

As Trustee has identified the specific funds purportedly converted by Defendants, the court will deny the motion to dismiss the fourth claim for relief.

5

**D. Fifth Claim for Relief: Unjust Enrichment**

Trustee's claim for unjust enrichment involves the same identified monies as those alleged in support of the conversion claim: the receipt of $26,000 in rent payments due to Debtor and the receipt of a $306,000 real estate commission to which Debtor was entitled. (*See* paras. 45 & 46 of the Complaint). As noted by Judge Whyte in the *Apple/AT&T* litigation, unjust enrichment claims that simply duplicate other statutory or tort claims are not cognizable:

> [C]ourts have repeatedly held that "there is no cause of action in California for unjust enrichment." *Melchior v. New Line Prods., Inc.*, 106 Cal.App.4th 779, 794, 131 Cal.Rptr.2d 347 (2003). Moreover, plaintiffs cannot assert unjust enrichment claims that are merely duplicative of statutory or tort claims. *See, e.g., Rosal v. First Federal Bank of Cal.*, 671 F.Supp.2d 1111, 1133 (N.D. Cal. 2009).

*In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F.Supp.2d 1070, 1077 (N.D. Cal. 2011). The court will therefore dismiss the fifth claim for relief without leave to amend.

**E. Sixth and Seventh Claims for Relief: Fraudulent Transfers**

Defendants request that the court dismiss the sixth and seventh claims for recovery of fraudulent transfers, contending that Trustee has failed to state a state a claim with the particularity required by *Iqbal*. The court disagrees. Paragraphs 10 and 11 of the complaint describe Debtor's property and business opportunities purportedly usurped by Defendants for their own benefit. In the Sixth Claim, Trustee alleges that the Defendants usurped or received the property rights described in

6

paragraphs 10 and 11 for less than reasonably equivalent value when Debtor was insolvent or on the brink of insolvency, and that the transfers were made with actual intent to hinder, delay or defraud any entity to which Debtor was or would become indebted. Because these allegations sufficiently set forth a claim for relief, the court is denying the motion to dismiss the sixth and seventh claims.

**F. Eighth Claim for Relief: Preferential Transfers**

According to paragraph 25 in Trustee's first claim for relief (breach of fiduciary duty), Defendants diverted for their own personal use a $306,250 real estate commission belonging to Debtor and had Debtor pay rent on their personal premises. Contending that these funds had been wrongfully usurped, Trustee has asserted alternate theories for recovery of the sums: breach of fiduciary duty, conversion, unjust enrichment and fraudulent transfers. These transfers are also the basis of Trustee's eighth claim for relief to recover preferential transfers.

Bankruptcy Code section 547(b)(2) sets forth the second element for recovery of a preferential transfer: the transfer must be for or on account of an antecedent debt owed by a debtor before the transfer was made. Trustee's complaint, however, does not sufficiently allege the existence of an antecedent debt. If such an antecedent debt exists, Trustee may amend the complaint to describe it. Otherwise, Trustee has not set forth a preference claim upon which relief can be granted. If in the course of discovery or litigation, Defendants assert the existence of such an antecedent debt (to demonstrate that they received property for value), Trustee may amend her complaint.

7

The court will therefore grant the motion to dismiss the eighth claim for relief with leave to amend.

### G. Ninth Claim for Relief: Determination of Liability Under Section 723

When the petition commencing the underlying bankruptcy case was filed, Debtor was identified as "Doorman Property Management DBA Doorman Property Maintenance." While Doorman Property Maintenance is a corporation, Doorman Property Management is a partnership. The petition and schedules, signed by Defendant Barrett Rafferty as CFO, repeatedly refer to Doorman Property Management without reference to Doorman Property Maintenance (*see, e.g.*, the Declaration of Mr. Rafferty at page 32 of Docket No. 1 in Case No. 15-30912; on Schedule E, (id. at page 12). Following the initial section 341 meeting of creditors on August 25, 2015, Defendants attempted to amend their petition to replace "Doorman Property Management" with "Doorman Property Maintenance, a CA SCorp, formerly known as Doorman Property Management, a CA SCorp [sic]." *See* Amended Voluntary Petition filed on October 9, 2015 (Docket No. 13 in Case No. 15-30912). The Trustee thereafter filed a motion for substantive consolidation, which this court granted on April 12, 2016, specifying that the assets and liabilities of the partnership are and were part of the bankruptcy case retroactive to the petition date of July 16, 2015.

In light of this substantive consolidation, and in light of its reasons set forth on the record at the hearing on December 16, 2016, the court will deny Debtor's motion to dismiss the

8

ninth claim for relief and will grant Trustee's motion for partial summary judgment in her favor on that claim.

### H. Tenth and Eleventh Claims for Relief: Turnover and Injunctive Relief

In the tenth and eleventh claims for relief, Trustee requests that this court enjoin Defendants' use or retention of certain intellectual property assets and to compel the turnover of such assets. These are not independent claims; the Trustee will need to demonstrate her entitlement to turnover and injunctive relief by prevailing on her other substantive claims. The court will therefore deny both the Defendants' motion to dismiss and the Trustee's motion for summary judgment as to these claims.

## III. CONCLUSION

Counsel for the Trustee should upload an order granting relief consistent with this Memorandum Decision. The order should not contain separate findings or conclusions, but should simply incorporate the reasoning of this Memorandum Decision. The court shall hold a further status conference in this adversary proceeding on February 24, 2017, at 1:30 p.m.

**\*\*END OF MEMORANDUM DECISION\*\***